UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE HOLMES, | Case No. 2:24-cv-2190-WBS-JDP (P) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| N. CARDOZA, *et al.*, | |
| Defendants. | |

Plaintiff is a state inmate proceeding pro se in this closed 42 U.S.C. § 1983 civil rights action, in which she alleged defendants violated her Eighth and Fourteenth Amendment rights to adequate health care and to be free from cruel and unusual punishment. ECF No. 1. In her complaint, she listed her address as Stanton Correctional Facility's P.O. Box. *Id.* at 1. Two months after plaintiff filed her complaint, I ordered plaintiff to show cause why the case should not be dismissed for failure to pay the filing fee, failure to prosecute, and failure to comply with court orders. ECF No. 5.

Plaintiff did not respond, causing me to recommend that the action be dismissed. ECF No. 6 at 1. I acknowledged that it appeared from the docket that the order to show cause was returned as undeliverable, but I explained that plaintiff was properly served under local rules. *Id.*

1

1 at 1 n.1. I also noted that it was plaintiff's responsibility to keep the court apprised of her current
2 address. *Id.* As such, I recommended that plaintiff's action be dismissed for failure to pay the
3 filing fee, failure to prosecute, and failure to comply with court orders. *Id.* at 3.

4       With no objections from plaintiff, in November 2024, the district court adopted my
5 findings and recommendations, dismissing the action for failure to pay the filing fee and for
6 failure to prosecute. ECF No. 7.

7       Three months later, in February 2025, plaintiff filed the instant motion to reopen the case.
8 ECF No. 11. She acknowledges that her case had been closed because her mail was not being
9 delivered to her, and she contends that it was not her fault she did not receive mail, speculating
10 that prison staff were purposefully not delivering mail to her. *Id.* Notably, she is still housed at
11 Stanton Correctional Facility, *id.*, but the docket now reflects the physical address of the facility
12 instead of a P.O. Box. Having considered the record and applicable law, I recommend that
13 plaintiff's motion to reopen be denied.

14       Under Rule 60(b), the court may grant reconsideration of a final judgment and any order
15 based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence
16 which, with reasonable diligence, could not have been discovered within ten days of entry of
17 judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. *See* Fed. R. Civ.
18 P. 60(b)(1)-(3). A motion for reconsideration on any of these grounds must be brought within
19 one year of entry of judgment or the order being challenged. *See* Fed. R. Civ. P. 60(c)(1). Under
20 Rule 60(b), the court may also grant reconsideration if: (1) the judgment is void; (2) the
21 judgement has been satisfied, released, or discharged, an earlier judgment has been reversed or
22 vacated, or applying the judgment prospectively is no longer equitable; and (3) any other reason
23 that justifies relief. *See* Fed. R. Civ. P. 60(b)(4)-(6). A motion for reconsideration on any of
24 these grounds must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

25       Plaintiff has not identified any authority providing a basis for reopening this case, and I
26 find no basis to do so. Her motion fails to present newly discovered evidence that would change
27 the outcome of the court's ruling, fails to show that the court committed clear error, and fails to
28 establish fraud, misrepresentation, or misconduct of either the opposing party or of this court.

1  The interests of finality and the conservation of judicial resources also do not warrant the use of
2  the extraordinary remedy plaintiff seeks.  *See United States v. Alpine Land & Reservoir Co.*, 984
3  F.2d 1047, 1049 (9th Cir. 1993).
4     Additionally, although it appears that plaintiff may have provided the court with an
5  improper address, which may have resulted in the order recommending case closure being
6  returned to the court, it is plaintiff's responsibility to provide a proper address.  *See* Local Rule
7  183(b).  Accordingly, plaintiff has failed to establish any basis for relief under Rule 60(b) from
8  the court's dismissal order and judgment, and I recommend that her motion be denied.
9     Accordingly, it is RECOMMENDED that plaintiff's motion to reopen this action, ECF
10 No. 11, be DENIED.
11    These findings and recommendations are submitted to the United States District Judge
12 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
13 after being served with these findings and recommendations, any party may file written
14 objections with the court and serve a copy on all parties.  Such a document should be captioned
15 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
16 objections shall be served and filed within fourteen days after service of the objections.  The
17 parties are advised that failure to file objections within the specified time may waive the right to
18 appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*
19 *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 24, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3